IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| KENNETH A. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:13-18342 |
| ) | |
| SKY BANK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's "Motion to Withdraw and Dismiss Civil Docket for Case # 1:13-cv-18342 and Refund of Filing Fee" (Document No. 19.), filed on February 27, 2014. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL AND PROCEDURAL HISTORY**

On July 10, 2013, Plaintiff, acing *pro se*, filed his Application to Proceed *in Forma Pauperis* and Complaint in this matter pursuant to Title 28 U.S.C. §1332. (Document Nos. 1 and 2.) On August 6, 2013, Plaintiff filed his Amended Complaint in this matter pursuant to Title 28 U.S.C. §§ 1331 and 1343. (Document No. 5.) Plaintiff named the following as Defendants: (1) Sky Bank/Huntington National Bank; (2) Roger Casalz, VP and Sales Manager for Akron/Canton Reg.; (3) Ryan Howard, Mortgage Loan Originator; (4) General Title & Trust Company; (5) Luxland, Inc.; (6) Chagrin Valley Title & Escrow Agency; (7) Old Republic Title Insurance Company; (8) MERS Mortgage and Security Instrument; (9) Federal Savings & Loan Assoc. of Cleveland; (10) Douglas King, Esq.; (11) Nancy Luxenberg; (12) Tony Ramirez, United States Postal Inspector; (13) Katsaros C. Vasile, Office of the U.S. Attorney; (14) Steven Dettelback, Office of the U.S. Attorney; and (15) Eric

Holder, U.S. Attorney General. (Id., pp. 1 - 2.) Concerning Defendants Sky Bank/Huntington National Bank, Roger Casalz, Ryan Howard, General Title & Trust Company, Luxland, Inc., Chagrin Valley Title & Escrow Agency, Old Republic Title Insurance Company, MERS Mortgage and Security Instrument, Federal Savings & Loan Assoc. of Cleveland, Douglas King, Esq., and Nancy Luxenberg, Plaintiff asserts the following claims: "Fraudulent Misrepresentation, Unsafe and Unsound Banking Practices, Violation of the Real Estate Settlement Procedure Act, Violation of the Federal Truth in Lending Act, Violation of the Fair Credit Reporting Act, Breach of Fiduciary Duty, Unjust Enrichment, Civil Conspiracy, Civil RICO, Complaint to Quiet Title of Real Property, and Usury and Fraud." (Id., p. 4.) As to Defendants Tony Ramirez, Katsaros C. Vasile, Steven Dettelback, and Eric Holder, Plaintiff asserts violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Id., pp. 2 - 4.)

On November 1, 2013, Plaintiff paid the $400.00 filing fee and filed a letter-form Motion to Amend. (Document Nos. 12 and 13.) By Order entered on February 26, 2014, the undersigned granted Plaintiff's Motion to Amend and denied as moot his Application to Proceed *in Forma Pauperis*. (Document No. 15.) The undersigned further ordered the Clerk to issue process in the case by preparing and serving the Summonses and a copy of Plaintiff's Amended Complaint upon the Defendants as specified in Rule 4 of the Federal Rules of Civil Procedure. (Id.)

On February 27, 2014, Plaintiff filed his "Motion to Withdraw and Dismiss Civil Docket for Case # 1:13-cv-18342 and Refund of Filing Fee." (Document No. 19.) Specifically, Plaintiff states that he requests "the withdrawal and dismissal of Case Number 1:13-cv-18342 and be granted and return monies of Civil Filing Fee: $400.00." (Id.) In support, Plaintiff explains that he was "granted leave to amend his complaint against Kenneth A. White vs. Old Republic Title Ins. Co., et al., case

2

number 1;12-7965 [and] [a]ll of Plaintiff's issues and arguments were addressed in Plaintiff's Amended Complaint." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled.

3

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's "Motion to Withdraw and Dismiss Civil Docket for Case # 1:13-cv-18342 and Refund of Filing Fee" (Document No. 19.), **DISMISS** Plaintiff's Complaint (Document Nos. 1 and 5.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber

and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 27, 2014.

                                            R. Clarke VanDervort
                                            United States Magistrate Judge